FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT 11 AM 10: 39

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LIONEL LEE MADISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-090 |
| | ) | |
| KEVIN NORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at the Charles B. Webster Detention Center (the "Jail") in Augusta, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants.[1]  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.   SCREENING OF THE COMPLAINT

### A.   BACKGROUND

On June 3, 2013, the Clerk of Court filed Plaintiff's complaint that bears a signature date of May 8, 2013.  Plaintiff names the following individuals as Defendants in his

---

[1]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

complaint: (1) Deputy Kevin North; (2) Deputy Bradley Capitosti; (3) Deputy Jonathan Judy; (4) Deputy Gwen Carter; (5) Deputy Stephen Viator; (6) Deputy Ronald O'Brien; (7) Deputy Michael Mulherin, (8) Investigator Tess Alexander-Brunson; and (9) Brittany Brown, a member of the medical staff at the Jail. Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges that on December 28, 2010, he became ill while housed at the Jail. Plaintiff informed Deputy Judy that he was vomitting, but Plaintiff did not receive any assistance. (Doc. no. 1, p. 5.) Hoping to attract the attention of a different Jail official, Plaintiff then placed a towel over his cell door window, which caused Deputies Judy, North, Capitosti, Viator, and O'Brien to come to his cell and instruct him to take down the towel. (Id.) Deputy O'Brien then entered Plaintiff's cell and told Plaintiff to turn around "to be cuffed-up." (Id.) Although Plaintiff did turn around, Deputy O'Brien grabbed Plaintiff aggressively, causing Plaintiff to "tr[y] to balance [him]self"; the other deputies present, joined by Deputy Mulherin, then proceeded to beat Plaintiff "brawl type" while Deputy Carter either watched or filmed the beating. (Id. at 5-6.) Defendant Brown examined Plaintiff in the medical department, where his thumb was x-rayed and he received an ice-pack for swelling.[2] Plaintiff seeks compensatory and punitive damages. (Id. at 7.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious,

---

[2]Plaintiff does not mention Defendant Alexander-Brunson in his statement of claim, but he does mention that the investigator had some involvement in conducting an inquiry at the Jail regarding the events involving Plaintiff and Jail staff on December 28, 2010. (Doc. no. 1, p. 3.)

or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Are Time-Barred.

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the injuries occurred on December 28, 2010. His current

claims pertain to injuries that occurred nearly two and one-half years before he filed the

instant complaint in 2013, and are thus outside of the two-year statute of limitations period.

Therefore, Plaintiff's claims are subject to dismissal as time barred.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be

granted and that this civil action be **CLOSED**.[3]

SO REPORTED and RECOMMENDED this 11th day of October, 2013, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[3]Because the Court is recommending dismissal of this case, the Court also **REPORTS and RECOMMENDS** the motion for appointment of counsel that was based on Plaintiff's stated inability to litigate his case through a trial be **DENIED AS MOOT**. (Doc. no. 8.)